UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| TANYA LITTLEFIELD, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CIRCA 1886, LLC a/b/a CIRCA 1886; 1886, LLC; MICHELLE WOODHULL, individually; & MARK SEVERS, individually, <br><br> Defendants. | C/A: 2:22-cv-2716-BHH <br><br> **COMPLAINT** <br><br> **FLSA COLLECTIVE ACTION** <br><br> **RULE 23 CLASS ACTION** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff, Tanya Littlefield ("Littlefield"), on behalf of herself and all others similarly situated, ("Plaintiffs"), complaining of the acts of Defendants Circa 1886, LLC d/b/a Circa 1886 ("Restaurant"); 1886, LLC ("1886"); Michelle Woodhull ("Woodhull"), individually; and Mark Severs ("Severs"), individually, (Restaurant; 1886, Woodhull; and Severs collectively "Defendants") alleges as follows:

## NATURE OF CLAIM

1.  This action is brought individually and as a collective action for actual damages, liquidated damages, attorney's fees and costs, and for other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"). The collective action provisions under the FLSA, § 216(b), provide for opt-in class participation.

2.  This action is also brought individually and as a class action for payment of wages and for other relief under the South Carolina Payment of Wages Act, South Carolina Code Ann. § 41-10-10, et. seq. ("SCPWA"). These claims are proposed as opt-out class claims under Rule 23 of the Federal Rules of Civil Procedure.

Page **1** of **10**

Complaint
C/A:

## PARTIES, JURISDICTION, and VENUE

3.      Plaintiffs realleges each and every allegation contained in the above paragraphs as if repeated here verbatim.

4.      Littlefield is a citizen and resident of Charleston County, South Carolina.

5.      Restaurant is a South Carolina limited liability company maintaining offices and agents in Charleston County, South Carolina. Restaurant is an employer of individuals and operates a restaurant in Charleston County, South Carolina, doing business as Circa 1886.

6.      Upon information and belief, 1886 is a South Carolina limited liability company maintaining offices and agents in Charleston County, South Carolina. 1886 is an employer of individuals and operates a restaurant in Charleston County, South Carolina, doing business as Circa 1886.

7.      Upon information and belief, Woodhull is a citizen and resident of Charleston County, South Carolina, and is an owner and/or President of Restaurant, or otherwise is an individual who had the authority to establish the specific policies of wages of Plaintiff while employed at Restaurant.

8.      Upon information and belief, Severs is a citizen and resident of Charleston County, South Carolina, and is an owner and/or Manager of Restaurant, or otherwise is an individual who had the authority to establish the specific policies of wages of Plaintiff while employed at Restaurant.

9.      Upon information and belief, Charles Adkins ("Adkins") is a citizen and resident of Charleston County, South Carolina, and is employed by Restaurant as the Dining Room Manager / Sommelier.

Complaint
C/A:

10. Littlefield was employed at Restaurant during the past three (3) years. A substantial part of the events giving rise to these claims occurred in Charleston County.

11. This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 based upon Plaintiff' claims under the FLSA.

12. Plaintiff brings this action, as an opt-in Collective Action pursuant to 29 U.S.C. § 216(b), on behalf of two (2) classes of individuals defined as follows:

    A. Nonexempt employees of Defendants, at any time within the three (3) years prior to joining this lawsuit, who worked as servers, were paid a direct, or hourly, rate less than the minimum wage of Seven and 25/100 dollars ($7.25) per hour, and received tips, from which Defendants required a portion of those tips to be paid to Defendants and redistributed to manager Adkins.

    B. Nonexempt employees of Defendants, at any time within the three (3) years prior to joining this lawsuit, who worked as bartenders, were paid a direct, or hourly, rate greater than the minimum wage of Seven and 25/100 dollars ($7.25) per hour, and received tips, from which Defendants required a portion of those tips to be paid to Defendants and redistributed to manager Adkins.

13. Plaintiff also brings this action as an opt-out class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of individuals defined as follows: nonexempt employees of Defendants, who received tips working as servers or bartenders, and from which Defendants, without written or legal authorization, required a portion of those tips to be paid to Defendants, who then shared them with manager Adkins.

14. Upon information and belief, this action satisfies the requirements of Fed. R. Civ. P. 23(a), as alleged in the following particulars:

Complaint
C/A:

    a.    The proposed Plaintiff class is so numerous that joinder of all individual members in this action is impracticable;

    b.    There are questions of law and/or fact common to the members of the proposed Plaintiff class;

    c.    The claims of Plaintiff are typical of the claims of the proposed Plaintiff class; and

    d.    Plaintiff will fairly and adequately protect the interests of the class.

15.    In addition, upon information and belief, this action satisfies one or more of the requirements of Fed. R. Civ. P. 23(b), because the questions of law and/or fact common to the members of the proposed Plaintiff class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

16.    Venue in this District and in this Division is appropriate pursuant to 28 U.S.C. 1391(b)(2) and 1391(c), as a substantial part of the events giving rise to the claims herein occurred in this Division, the Defendants have extensive and deliberate contacts in this Division, and the individual Defendants are residents of this Division.

17.    Based upon the above, jurisdiction and venue are proper in this court and division.

18.    The work and pay records, including the "tip-out" reports, of Plaintiffs are in the possession, custody, and/or control of Defendants, and Defendants are under a duty, pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor, to maintain and preserve such payroll and other employment records from which the amount of Defendants' liability can be ascertained. Plaintiff requests an order of this Court requiring Defendants to preserve such records during the pendency of this action.

Complaint
C/A:

## **FACTS**

19. Plaintiffs realleges each and every allegation contained in the above paragraphs as if repeated here verbatim.

20. Defendants own and / or operate Restaurant.

21. Defendant Woodhull exercises operational control over Restaurant. On information and belief, Woodhull is involved in the decisions to set the wages and pay, including the Tip Pool, for Plaintiff, or she hired the individuals to whom she delegated this authority; therefore, Woodhull is individually liable to Plaintiffs.

22. Defendant Severs exercises operational control over Restaurant. On information and belief, Severs is involved in the decisions to set the wages and pay, including the Tip Pool, for Plaintiffs.

23. Littlefield was employed by Restaurant from approximately June 22, 2018 through 2020 as a bartender.

24. Littlefield was employed by Restaurant from approximately June 22, 2018 through May 3, 2022 as a server.

25. Defendants paid Littlefield, and on information and belief all Plaintiffs, when working as a server, a direct, or hourly, wage less than the statutory minimum wage by taking the "Tip Credit" under the FLSA, 29 U.S.C. § 203(m). Defendants paid Littlefield, and on information and belief all Plaintiffs, when working as a bartender, a direct, or hourly, wage greater than the statutory minimum wage.

26. Defendants had a policy that required Littlefield, and on information and belief all Plaintiffs, to remit, from the tips they had received, a portion of their tips at the end of each night to the Restaurant ("Tip Pool"), from which the Restaurant distributed 0.6% of All Sales to Adkins

Complaint
C/A:

in the form of compensation to Adkins.

27. Defendants failed to give Littlefield, and on information and belief all Plaintiffs who worked as servers, proper notice that Defendants were taking the Tip Credit in the following ways:

    A. Defendants failed to give Plaintiffs notice that they were paying Plaintiffs with the Tip Credit; and

    B. Defendants failed to give Plaintiffs notice that Plaintiffs could keep all of their tips, except for the Tip Pool, which was to be distributed only to employees who customarily and regularly receive tips and not to any manager.

## FOR A FIRST CAUSE OF ACTION

### Violation of Fair Labor Standards Act
### 29 U.S.C. § 203(m), 206
### (Violation of Tip Credit / Failure to Pay Proper Minimum Wage)

28. Plaintiffs realleges each and every allegation contained in the above paragraphs as if repeated here verbatim.

29. At all times relevant to this Complaint, Defendants engaged in interstate commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(r) and 203(s).

30. At all times relevant to this Complaint, Defendants' annual gross volume of sales or business done was not less than Five Hundred Thousand and 00/100 dollars ($500,000.00). Alternatively, Plaintiff worked in interstate commerce so as to fall within the protection of the FLSA.

31. The business of Defendants was and is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1) and, as such, Defendants are subject to, and covered by, the

Complaint
C/A:

FLSA.

32. The FLSA, 29 U.S.C. § 206, requires employers to pay its nonexempt employees a minimum wage of Seven and 25/100 dollars ($7.25) an hour.

33. The FLSA, 29 U.S.C. § 203(m), provides an exemption allowing certain employers to take a "Tip Credit" and pay less than the statutory minimum wage to tipped employees, on the condition that any other sharing of tips is only with other employees who customarily and regularly receive tips.

34. The FLSA, 29 U.S.C. § 203(m), expressly prohibits the employer, in this case the Defendants, or any of its mangers or supervisors, from retaining any portion of tips received by its employees, regardless of whether Defendants have paid the employees by claiming the Tip Credit.

35. The FLSA, 29 U.S.C. § 203(m), requires the employer, who is taking the "Tip Credit," to give the tipped employees proper notice that it is paying the employee with the Tip Credit.

36. Defendants failed to give Plaintiffs notice that they were paying Plaintiffs with the Tip Credit and failed to give Plaintiffs notice that Plaintiffs could keep all of their tips, except for the Tip Pool.

37. Littlefield, and on information and belief all Plaintiffs, were required by Defendants to share a portion of their tips with Adkins, who is listed on Restaurant's website as being a member of the Team. Restaurant advertises that Adkins is its "Dining Room Manager / Sommelier."

38. When the employer fails to comply with the requirements of the Tip Credit, 29 U.S.C. § 203(m), the employer can no longer enjoy its benefits.

39. Defendants have violated the FLSA, 29 U.S.C. § 203(m), 206, by either a willful

Complaint
C/A:

violation of the FLSA or in reckless disregard of the FLSA and the rights of Plaintiffs.

40. As such, Plaintiffs seek to recover from Defendants the following damages:

    a. actual damages for a three-year period;

    b. liquidated damages of an equal amount;

    c. reasonable attorney's fees and costs and disbursements of this action; and

    d. an order from this Court requiring Defendants to comply with the FLSA.

**FOR A SECOND CAUSE OF ACTION**
**(South Carolina Payment of Wages Act)**
**(Individual and Class Action)**

41. Plaintiffs realleges each and every allegation contained in the above paragraphs as if repeated here verbatim.

42. Each Defendant is an "employer" as defined by the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10(1).

43. Defendants employed Plaintiffs and the members of the putative class within the State of South Carolina.

44. Plaintiffs worked for Defendants with the clear understanding and agreement with Defendants that their compensation would be consistent with all applicable laws, including state wage laws.

45. Plaintiffs had an employment agreement with Defendants whereby they would be paid wages for all hours worked.

46. SCPWA § 41-10-10(2) defines wages as "all amounts at which labor rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission basis, or other method of calculating the amount and includes vacation, holiday, and sick leave payments which are due to an employee under any employer policy or employment contract."

Complaint
C/A:

47. Money received by Plaintiffs as tips were "wages" as defined by SCPWA, § 41-10-10(2).

48. Pursuant to the SCPWA § 41-10-40(C), "[a]n employer shall not withhold or divert any portion of the employee's wages unless the employer is required or permitted to do so by state or federal law or written authorization.

49. Defendants deducted, and paid to Adkins, amounts from the wages of Plaintiffs that were not permitted by state or federal law and without written authorization. These amounts were illegal deductions.

50. Defendants owe Plaintiffs these wages that were illegally deducted.

51. Defendants' actions were willful, and Defendants have no bona fide reason why they took this action.

52. Pursuant to S.C. Code § 41-10-80(C), Plaintiffs and the members of the putative class are entitled to recover in this action an amount equal to three (3) times the full amount of their deducted wages, as outlined above, plus costs and reasonable attorney's fees.

WHEREFORE, having fully set forth their allegations against Defendants, Plaintiffs respectfully requests that the Court enter judgment for the following relief:

    a. An order prohibiting Defendants from violating the FLSA, particularly the Tip Credit, in the future;

    b. An order conditionally certifying this action as a FLSA Collective Action and ordering proper notices be sent to the members of the putative class and later fully certifying the FLSA Collective Action

    c. For Plaintiffs, under the first and second causes of actions:

        i. actual damages in an amount to be determined;

Complaint
C/A:

        ii.     liquidated damages of an equal amount;

   d.    An order certifying a class action under Rule 23 of the Federal Rules of Civil Procedure to remedy the class-wide violations of the South Carolina Payment of Wages Act;

   e.    Actual damages in the amount of wages due under SCPWA;

   f.    Treble damages pursuant to SCPWA;

   g.    Reasonable attorney's fees and costs;

   h.    Injunctive relief ordering Defendants to amend their wage and hour policies to comply with applicable federal and state laws; and

   i.    Such further relief as the Court deems just and proper.

**PLAINTIFFS REQUEST A TRIAL BY JURY.**

          s/Bruce E. Miller
          Bruce E. Miller, Esq. (Fed Bar No. 3393)
          BRUCE E. MILLER, P.A.
          147 Wappoo Creek Drive, Suite 603
          Charleston, SC  29412
          T: 843.579.7373
          F: 843.614.6417
          bmiller@brucemillerlaw.com

          **ATTORNEY FOR**
          **TANYA LITTLEFIELD,**
          **and all others similarly situated**

CHARLESTON, SC

August 16, 2022